UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------
EUGENE LEWIS,

                Plaintiff,

-- against --

THE STATE OF NEW YORK and
THE CITY OF NEW YORK,

                Defendant(s).
-------------------------------------------------

Case No.: 14 CV 5204 (DLC)

**VERIFIED COMPLAINT**

The plaintiff, **EUGENE LEWIS**, by his attorney Marjory Cajoux, Esq., as and for his Complaint herein, alleges the following:

### Summary of Claims

1. This action seeks compensatory and punitive damages, and attorney's fees and costs for the false arrest, imprisonment, assault and battery, malicious prosecution, and deprivation of the plaintiff's rights, privileges, and liberties as set forth in the Constitutions of the United States and of the State of New York by the defendants, THE STATE OF NEW YORK and THE CITY OF NEW YORK.

### Jurisdiction

2. The jurisdiction of this Court is conferred by the presence of a federal question pursuant to 28 U.S.C. sections 1331 and 1343 arising from claims based upon 42 U.S.C 1983 and pendent jurisdiction pursuant to 28 U.S.C. section 1367 and the common law.

### Venue

3. The venue of this action is properly established in the Southern District of New York pursuant to 28 U.S.C. Section 1391, because the plaintiff is a resident of New York and the conduct set forth herein occurred in the Southern District of New York.

### Parties

4. At all times hereinafter mentioned, the plaintiff EUGENE LEWIS is a resident of the City of New York, County of New York, State of New York, with address of 700 Lenox Avenue, Apt. # 20K, New York, N.Y.

5. Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. Upon information and belief, that at all times hereinafter mentioned, the defendant, STATE OF NEW YORK, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Upon information and belief, that at all times hereinafter mentioned, the defendant, its agents, servants and employees operated, maintained and controlled the Police Department of the City of New York and the correctional facilities of the State of New York, including all the police officers thereof.

8. Upon information and belief, that at all times hereinafter mentioned, and on prior to August 10, 2005, the arresting officers were employed by the defendant, CITY OF NEW YORK and/or STATE OF NEW YORK, as police officers.

9. That Notice of the Plaintiff's Claim and Notice of Intention to Sue for Damages, the nature of the claim and the dated of, the time when, the place where and the manner in which the claim arose was duly served upon Comptroller of the defendant, STATE OF NEW YORK, on or about September 23, 2011.

10. That no hearing has been requested pursuant to the Notice of Claim.

11. That more than thirty (30) days have elapsed since the Notice of Claim and Intention to Sue has been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

## AS AND FOR A FIRST CAUSE OF ACTION

12. Plaintiff repeats, reiterates and realleges each and every allegation of the foregoing complaint contained in paragraphs marked 1 through 12 inclusive with the same force and effect as if more fully set forth herein.

13. That on or about August 10, 2005 at or about 5:10 p.m. at Bradhurst Park, in New York County, the defendants, their agents, servants and employees wrongfully and falsely arrested, imprisoned and detained plaintiff, Eugene Lewis, without any right or grounds therefor.

14. That on or about August 10, 2005 at or about 5:10 p.m., the defendants, wrongfully and falsely accused the plaintiff, Eugene Lewis, of the crime of Criminal Sale of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Third Degree, and Resisting Arrest.

15. That the said arrest and imprisonment was caused by the defendants, their agents, servants and employees, without ant warrant or other legal process and without authority of the law and without any reasonable cause or belief that the plaintiff, Eugene Lewis, was in fact guilty of such crimes.

16. That on the aforesaid date, time, and place, the plaintiff, who was lawfully and properly at Bradhurst Park, was viciously struck by defendants employees, the arresting officers.

17. While the plaintiff was so engaged, as aforesaid, the defendants, their agents, servants and employees, wrongfully and unlawfully, against the plaintiffs wish, without probable or reasonable cause, arrested and imprisoned the plaintiff and with full force of arms, they forcibly and violently seized, assaulted and laid hold of and compelled him to go with the said defendant police officers to the hospital and then to be detained and imprisoned at the police precint and continuing to other places and times, including and imprisoned until his release.

18. That the defendants, their agents, servants, and employees acting within the scope of their authority and within the scope of their employment, detained and imprisoned the plaintiff even through the defendants, their agents, servants and employees, had the opportunity to known or should have known, that the matters heretofore alleged, wrongfully, unlawfully and without sufficient charge having been made against the plaintiff, directed that the plaintiff be searched and placed in confinement at said locations.

19. That the plaintiff was wholly innocent of the said criminal charges and did not contribute in any way to the conduct of the defendants, their agents, servants and employees and was forced by the defendants to submit to the aforesaid arrest and imprisonment thereto entirely against his will.

20. That as a result of the aforesaid accusations made by the defendants, their agents, servants and employees, acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiff was compelled to appear before the Criminal Court of and to be arraigned on or about September 29, 2006 at the Criminal Court of the City of New York.

21. That the defendants, their agents, servants and employees, as set forth aforesaid on the aforementioned date, time, and place, intended to confine the plaintiff; in that the plaintiff was conscious of the confinement; plaintiff did not consent to the confinement; and that the confinement was not otherwise privileged.

22. That by reason of the false arrest, imprisonment and detention of the plaintiff, plaintiff was subjected to great indignities, humiliation and ridicule, in being detained, charged and prosecuted with various crimes, and greatly injured in his credit and circumstances and was then and there prevented and hindered from performing and traction his necessary affairs and business, and he was cause to suffer much pain in both mind and body, the loss of employment and the loss of employment opportunities.

23. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION (1,000,000.00) DOLLARS.

## SECOND CAUSE OF ACTION- ASSAULT AND BATTERY

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 24, with the same force and effect as if more fully and at length set forth herein.

25. That on or about August 10, 2005 at or about 5:10 p.m., while the plaintiff was lawfully and properly at Bradhurst Park, in New York County, the defendants, their agents, servants and employees, particularly the police officers, without just cause or provocation and with great force and violence, violently seized, assaulted and laid hold of the plaintiff Eugene Lewis, including but not limited to intentionally, forcefully and fiercely striking plaintiff as he was protecting himself from the onslaught of the defendants, and cause him to be kicked to the ground and causing handcuffs to be tightly placed upon the wrists of the plaintiff.

26. That the defendants, their agents, servants and employees, acting as agents and on behalf of intentionally, willfully and maliciously assaulted and battered plaintiff, VICTOR VICTIM, in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact in the plaintiff; and defendants, in a hostile and/or offensive manner touched and beat the plaintiff, without his consent and with intention of causing harmful and/or offensive bodily contact to the plaintiff and cause such batter in and about his head, neck, back, body, and limbs.

27. That by the reason of the aforesaid intentional assault and battery committed by the defendants, their agents, servants and employees, acting within the scope of their authority and without probable or reasonable cause, the plaintiff suffered great bodily injury in and about sick, sore, lame and disabled, and among other things, he suffered conscious pain and suffering, and that he was otherwise damaged.

28. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1, OOO, OOO.OO) DOLLARS.

## THIRD CAUSE OF ACTION – NEGLIGENCE IN HIRING AND RETAINING

29. Plaintiff repeats, reiterates and alleges each and every allegation contained in paragraphs marked 1 through 29 with the same force and effect as if more fully and at length set forth herein.

30. That the defendants were careless and reckless in hiring and retaining as its employee, the above named individual; in that the said defendant employee lacked the experience, deportment and ability to be employed by the defendant; in that the defendant failed to exercise due care and caution in its hiring practices, and in particular, in hiring the defendant employee who lacked the mental capacity of the aforementioned defendant, and the defendants, failed to investigate the above named police officers' background; in that the defendant police officers lacked the maturity, sensibility and intelligence to be employed by the defendants; in that the defendants knew of the lack of ability, experience, deportment and maturity of said defendants' employees when they hired these police officers to be employees; and in that the defendants their agents, servants and employees, were otherwise careless, negligent and reckless.

31. That the aforesaid occurrence, to wit; the false arrest and imprisonment, assault and batter and the resulting injuries to mind and body therefrom, were cause wholly and solely by reason of negligence of the defendants, defendants' agents, servants and employees without any negligence on the part of the plaintiff.

32. That by reason of the aforesaid, the plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great physical and mental pain, and he rendered sick, sore, lame and disabled and so remains, and he was incapacitated from his usual occupation and will, upon future, and he has expanded and incurred divers sums of money in an effort to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon him by the actions of defendants their agents, servants and employees, information and belief, will expend further sums in that direction, and the plaintiff has been otherwise damaged.

33. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION(1,000,000.00) DOLLARS.

## FORTH CAUSE OF ACTION- NEGLIGENCE IN TRAINING

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 34 with the same force and effect as if more fully and at length set forth wherein .

35. That the defendants their agents, servants and employees negligently, carelessly and recklessly failed to properly train and supervise their employees, in particular the arresting officers, in that they failed to train and supervise then-employees in the proper use of weapons and firearms; in the proper manner in which to handle and control a demonstration; in the proper method of crowd control, particularly during demonstration and with a large crowd; to control their tempers and exercise the proper instruction as to their deportment, behavior and conduct as representatives f their employers; and, in that the defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

36. That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault, and battery and the resulting injuries to mind and body there form, were caused wholly and solely by reason of the negligence without any negligence on the part of the plaintiff.

37. That by reason of the aforesaid, the plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great physical and mental pain, and he was rendered sick, sore, lame and disabled and so remains, he was incapacitated from his usually occupation and will, upon information and belief, be so incapacitated in the future, and he has expended and incurred divers sums of money in an effort to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon him by the actions of defendants their agents, servants and employees, including counsel fees and disbursements; and, upon information and belief, will expend further sums in that direction, and the plaintiff has been otherwise damaged.

38. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION(1,000,000.00) DOLLARS.

## FIFTH CAUSE OF ACTION – MALICIOUS PROSECUTION

39. Fortieth: Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 39 with the same force and effect as if more fully and at length set forth herein.

40. That on or about August 10, 2005 at or about 5:10 p.m. at Bradhurst Park, in New York County, while the plaintiff was lawfully and properly at Bradhurst Park, and at subsequent times thereafter, including but not limited at the hospital, the police precint, the courthouse, the jail, the defendants their agents, servants and employees maliciously prosecuted and detained plaintiffs, Eugene Lewis, without any just right or grounds to submit to court proceedings.

41. That the plaintiff was and is wholly innocent was forced by the defendant to submit to court proceedings.

42. That on or about the September 6, 2005, before a judge of the Supreme Court, New York County, the defendants their agents, servants and employees falsely and maliciously and without probable cause or provocation charged the plaintiff with a Criminal Sale of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Third Degree, and Resisting Arrest.

43. That the defendants their agents, servants and employees acting in performance of their employment and within the scope of their authority, testified falsely and withheld vital information before a Judge of the Criminal Court of the State of New York.

44. That on September 29, 2006, a jury found the plaintiff, Eugene Lewis, guilty of Criminal Sale of a Controlled Substance in the Third Degree and not guilty of Criminal Possession of a Controlled Substance in the Third Degree and Resisting Arrest.

45. That on December 11, 2006, the plaintiff, Eugene Lewis, was sentenced to three and a half years prison followed by one and a half year post-release supervision.

46. That the plaintiff, Eugene Lewis, was incarcerated in state prison until June 4, 2009 and was discharged from post-release supervision on July 29, 2010.

47. That on October 28, 2010, the Appellate Division reversed the plaintiff's conviction.

48. Upon examination, the said charges were falsely and maliciously made.

49. That on July 15, 2011, the Judge of the Criminal Court of the State of New York, the Honorable Judge Pardo, dismissed all charges against the plaintiff.

50. That the said prosecution and criminal charges and hearings were instituted and procured by the defendants their agents, servants and employees in this action unlawfully and maliciously and without and reasonable or probable cause whatsoever therefor. That the commencement and/or continuation of the criminal proceedings by the defendants

against the plaintiff was without probable cause, with actual malice and was terminated in favor of the plaintiff.

51.  That by reason of the aforesaid unlawful and malicious prosecution, the plaintiff was deprived of his liberty, was subjected to great indignity, humiliation, pain and great stress of mind and body and was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and avocation, was injured in his reputation in the community and the said plaintiff has been otherwise damaged.

52.  That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION (1,000,000.00) DOLLARS.

## SEVENTH CAUSE OF ACTION- CIVIL RIGHTS ACTION UNDER 42 U.S.C. § 1983

53.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 53 with the same force and effect as if more fully and at length set forth herein.

54.  That on or about August 10, 2005 at or about 5:10 p.m. at Bradhurst Park, in New York County, plaintiff Eugene Lewis, was lawfully and properly at Bradhurst Park, New York, New York, at which time and place defendants then and there were at as part of their regular and official employment as police officers for the defendants, CITY OF NEW YORK and/or the STATE OF NEW YORK.

55.  As plaintiff was lawfully and properly at Bradhurst Park, the aforementioned police officer who, having the apparent ability to cause imminent, harmful and having the real and bodily contact and the power and authority to arrest and imprison the plaintiff did so threaten these acts upon the plaintiff, who, after continuing his lawful activity, was violently struck by the defendants' employees, the arresting offiers at the aforementioned date, time, and place and forcefully precipitated the plaintiff to the ground.

56.  Immediately thereafter, aforementioned defendants, their agents servants and employees falsely arrested and imprisoned the plaintiff, severely assaulted and battered the plaintiff and deprived him of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York, handcuffed him and threatened plaintiff with the possible use of firearms and weapons and the use of physical force; in that they continued to assault and batter the plaintiff force; in that they continued to assault and batter the plaintiff and to imprison him without any conduct on the part of the plaintiff to so warrant to wit:

   a) in that all of the actions of the defendants, their agents, servants and employees, were committed with the intention to cause bodily and mental injury to the plaintiff, to arrest, restrain and imprison the plaintiff without his consent, the plaintiff was at all times conscious of his arrest, did not consent to the false arrest and the arrest and imprisonment were not other otherwise privileged; and,

   b) the arrest and imprisonment were not justified by probable cause or other legal privilege; defendants their agents, servants and employees acting under the

color of statue, ordinances, regulations customs and usages of the CITY OF NEW YORK and the STATE OF NEW YORK, and under the authority of their office as police officers for said City and State, falsely charged the plaintiff with Criminal Sale of a substance in the Third Degree, Criminal Substance of a Controlled of a Controlled Substance in the Third Degree, and Resisting Arrest, although the defendants, acting in such capacity, knew that such charges were false; and,

c) in that the defendants, their agents, servants and employees caused an assault and battery when they in a hostile and/or offensive manner threatened, touched and beat the plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff, all without warrant, probable cause or any lawful cause whatever; and,

d) that the defendants, their agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way to control the behavior and performance of the defendants their agents, servants and employees; that in their hiring practices in the exercise of their police functions and their failure to enforce the laws of the CITY OF NEW YORK and the STATE OF NEW YORK is evidence of the reckless lack of cautions regard for the rights of the public including plaintiff; in that they exhibited a lack of degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants; and,

e) the failure of the defendants, their agents, servants and employees to hire, train, supervise, discipline or in any other way control the defendants, in the exercise of their functions; in that their failure to enforce the laws was and is carried out willfully, wantonly, maliciously and with such reckless disregard for the dangers of harm and injury to the citizens of the CITY OF NEW YORK and the STATE OF NEW YORK including plaintiff; and,

f) due to the acts of the defendants, their agents, servants and employees herein, the failure of the CITY OF NEW YORK and STATE OF NEW YORK to discipline and properly hire the defendants and the continued employment of the defendants and the continued employment of the defendants presents a clear and present danger to the citizens of the CITY OF NEW YORK and STATE OF NEW YORK and,

g) That the said prosecution and criminal charges and hearings were instituted and procured by the defendants their agents, servants, and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefor. That the commencement and/or continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause with actual malice and was terminated in favor of the plaintiff;

h) That the defendants, their agents, servants and employees permitted the use of policy and/or drafted policy that was violative of the constitutional rights of the above named plaintiff; and, in that each and all of the acts of the defendants, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the CITY OF NEW YORK and THE STATE OF NEW YORK and under the authority of their office as police officers for said city and country.

57. Plaintiff did not commit any illegal act, either before or at the time he was Falsely arrested and imprisoned, assaulted and battered, maliciously prosecuted and deprived of his constitutional rights as set forth in the Constitution of the United States and State of State of New York, particularly 42 U.S.C. § 1983.

58. As a direct result of the illegal actions and conduct on the part of the defendants, their agents, servants and employees, plaintiff was falsely arrested and imprisoned, assault and battered, maliciously prosecuted and compelled to be arraigned and appear in the Criminal Court of New York and to undergo a criminal proceeding until dismissed before the Criminal Court of New York, on July 15, 2011.

59. That at all times hereinafter mentioned, the defendants were employed in their respective capacities by the defendant CITY OF NEW YORK and/or STATE OF NEW YORK and were acting under the color of their official capacity and their acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the CITY OF NEW YORK and/or the STATE OF NEW YORK.

60. That at all times hereinafter mentioned, defendants' employees, the arresting officers, were acting pursuant to orders and directives from defendants the CITY OF NEW YORK and/or the STATE OF NEW YORK

61. That during all times hereinafter mentioned, the defendant police officers and each of them separately, and in concert, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of [Name of municipality] and the defendants here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the plaintiff of the rights, privileges and immunities secured to plaintiff by the First and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

62. The Police Officers of the defendant [Name of Municipality] and its individual members who are agents, servants and employees of defendants, together with persons unknown to plaintiff, acting under color of law, have subjected plaintiff and other persons to a pattern of conduct consisting of illegal harassment, assault prosecution at the time said persons are lawfully and demonstrations in the [Name of Municipality], in denial of rights, privileges and immunities guaranteed plaintiff EUGENE LEWIS and other citizens by the Constitution of the United States.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------
EUGENE LEWIS,

                Plaintiff,

-- against --

THE STATE OF NEW YORK and
THE CITY OF NEW YORK,
                Defendant(s).
-------------------------------------------------

Case No.: 14 CV 05204 (DLC)

**VERIFICATION**

STATE OF NEW YORK, COUNTY OF KINGS     , SS.:

I, **EUGENE LEWIS**, being duly sworn, depose and say that:

    I am the plaintiff in this action. I have read the foregoing Complaint and know the contents thereof; the contents of the Complaint are true to my knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

                                                _____
                                                EUGENE LEWIS

Subscribed and sworn to before me
on July 11, 2014

_____
Notary Public
My commission expires on 11/06/2014

MARJORY CAJOUX
Notary Public, State of New York
No. 02CA6014918
Qualified in Kings County
Commission Expires On 11/06/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------
EUGENE LEWIS,

      Plaintiff,

 -- against --

THE STATE OF NEW YORK and
THE CITY OF NEW YORK,
      Defendant(s).
-------------------------------------------------

Case No.: 14 CV 05204 (DLC)

## SUMMONS AND VERIFIED COMPLANT

**MARJORY CAJOUX**
*Attorney At Law*
*406 Atlantic Avenue*
*Brooklyn, N.Y. 11217*
*(718) 237-0411*