UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
EUGENE LEWIS,                        :       14cv5204 (DLC)
                                     :
                    Plaintiff,       :       MEMORANDUM
                                     :       OPINION & ORDER
          -v-                        :
                                     :
THE STATE OF NEW YORK and THE CITY OF :
NEW YORK,                            :
                                     :
                    Defendants.      :
                                     :
------------------------------------ X

APPEARANCES

For Plaintiff:
Marjory Cajoux
406 Atlantic Avenue
Brooklyn, NY 11217

For Defendant State of New York:
Samuel Yaggy
Office of the New York State Attorney General
120 Broadway Avenue, 24th Floor
New York, NY 10271

For Defendant City of New York:
Joshua Joseph Lax
New York City Law Department
100 Church Street
New York, New York 10007

DENISE COTE, District Judge:

     Eugene Lewis ("Lewis") brings this action under 42 U.S.C. §

1983 and state law for false arrest, negligence, imprisonment,

assault and battery, and malicious prosecution against the State

of New York ("State") and City of New York ("City").  On

December 1, 2014, the defendants separately moved to dismiss the

complaint.  For the following reasons, both motions to dismiss
are granted.

## BACKGROUND

The following facts are taken from the complaint
("Complaint").  On August 10, 2005, Lewis was arrested at
Bradhurst Park.  Lewis was charged with criminal possession of a
controlled substance, criminal sale of a controlled substance,
and resisting arrest.  On September 29, 2006, a jury found Lewis
guilty of criminal sale of a controlled substance.  Lewis was
discharged from supervision on July 29, 2010.  On October 28,
2010, the Appellate Division reversed Lewis's conviction.
People v. Lewis, 911 N.Y.S.2d 2 (App. Div. 2010).  On July 15,
2011, following the remand, all charges against Lewis were
dismissed.

Lewis filed this action on July 7, 2014.  On December 1,
the City moved to dismiss the claims as untimely and for failing
to state a claim for municipal liability.  The same day, the
State moved to dismiss the claims as untimely and for a lack of
subject matter jurisdiction.  Lewis responded to both motions on
January 29, 2015.  Lewis concedes that all claims but the
malicious prosecution claim under 42 U.S.C. § 1983 are untimely.
In light of that concession, this Opinion addresses only the §
1983 malicious prosecution claim.

## DISCUSSION

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  In reviewing a motion to dismiss under Rule 12(b)(1), Fed. R. Civ. P., the court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs."  J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted).  A district court may consider evidence outside the pleadings when resolving a motion to dismiss for lack of subject matter jurisdiction.  Id.  "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists."  Sharkey v. Quarantillo, 541 F.3d 75, 82 (2d Cir. 2008) (citation omitted).

When deciding a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., a court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor."  LaFaro v. New York Cardiothoracic Grp., PLLC, 570 F.3d 471, 475 (2d Cir. 2009).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A complaint must do more, however, than offer "naked assertions devoid of further factual enhancement."  Id. (citation omitted).

## I. The State's Motion to Dismiss

The State moves to dismiss the Complaint because it is barred by the doctrine of sovereign immunity.  Under the doctrine of sovereign immunity, the State is immune from suits under § 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 67 (1989).  Accordingly, the § 1983 malicious prosecution claim against the State is dismissed.

## II. The City's Motion to Dismiss

In a suit brought under § 1983, municipalities cannot be held liable unless the plaintiff can prove that the unconstitutional action was taken pursuant to

> a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers[,] . . . [or] pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000) (quoting Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690–91 (1978)) (brackets in original); see Pinaud v. County of Suffolk, 52 F.3d 1139, 1157 (2d Cir. 1995) ("[A]n actionable claim under § 1983 against a county or municipality depends on a

harm stemming from a municipality's policy or custom."). As a result, to state a Monell claim against a city for the unconstitutional actions of its employees, "a plaintiff is required to plead . . . three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007). An "official policy or custom" may be established through the official acts of city lawmakers or "those whose edicts or acts may fairly be said to represent official policy," Monell, 436 U.S. at 694, or by a pattern of misconduct that is "sufficiently persistent or widespread" as to "compel[ ] the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions." Reynolds v. Guiliani, 506 F.3d 183, 192 (2d Cir. 2007).

The plaintiff has not pled a Monell claim against the City. The Complaint makes no mention of any practice or custom espoused by the City, and the malicious prosecution claim is pleaded entirely in conclusory language.

Lewis argues that dismissal is inappropriate because a plaintiff is not required to plead evidence supporting the existence of a custom or policy. Plaintiff is, however, required to plead that such a custom or policy existed. The

5

failure to do so requires dismissal of the plaintiff's § 1983
claim against the City.

### CONCLUSION

Defendants' December 1 motions to dismiss are granted.  The
Clerk of Court shall enter judgment for the defendants and close
the case.


Dated:    New York, New York
          May 13, 2015

                                    _____
                                              DENISE COTE
                                    United States District Judge